United States District Court
Southern District of Texas
**ENTERED**
August 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIE LE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-4201 |
| | § | |
| JOHN A. SQUIRES, | § | |
| UNDER SECRETARY OF COMMERCE | § | |
| FOR INTELLECTUAL PROPERTY AND | § | |
| DIRECTOR OF THE USPTO, | § | |
| | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Discovery Sanctions and for Order Striking Deposition. (Dkt. 54). In this motion Plaintiff, Julie Le ("Le") seeks discovery sanctions against Defendant United States Patent and Trademark Office ("USPTO"), a federal governmental agency, because USPTO did not notify her in advance that a USPTO representative would be present online at her deposition. Le asserts that she did not know the representative was present until after her deposition had ended. Le argues that because the representative was present without her "consent and knowledge", her deposition should be stricken in its entirety, and the Court should assess such "other sanctions against Defendants" as to which Le is entitled. (Dkt. 54 at 1). At a hearing held on this matter on August 21, 2026, the Court provided Le with the opportunity to fully

explain the legal and factual basis of her motion.[1] After carefully reviewing the motion and all pleadings in this case, the motion is **DENIED.**

## ANALYSIS

The Court finds that Le's motion has no basis in law or in fact. The taking of depositions in federal lawsuits is governed by Federal Rule of Civil Procedure 30. FED. R. CIV. P. 30. Even a cursory review of this rule reflects that it does not require advance notice that a named party will be present at the opposing party's deposition, nor does it prevent a named party from being present at any depositions taken in the case. *Id.* Rule 30 certainly does not require the deponent's "consent" in advance before a named party will be allowed to attend the deposition.

Furthermore, there is no factual basis for Le filing the pending motion and seeking sanctions in this matter. It is undisputed that the USPTO representative did not speak to Le at any time during the deposition and attended the deposition online via Microsoft Teams. (Dkt. 57 at 2). While Le asserts that she did not know the representative was online, USPTO's counsel also identified the USPTO representative who was online to the court reporter at the beginning of the deposition. *Id.* Nevertheless, Le argues that the representative should have been barred from attending her deposition because during the deposition Le shared "personal and sensitive information" and she is "upset and

[1] Le proceeds in this case *pro se* and asserts that she should not be held to the same standards as a licensed attorney with respect to her pleadings in this case. (Dkt. 16 at footnote 1). However, the Court notes that Le is currently a law student and during hearings, when advantageous to her case, Le has demonstrated a clear understanding of the Federal Rules of Civil Procedure applicable to her arguments.

embarrassed" that the representative heard this testimony. (Dkt. 54 at 1). This argument simply does not make sense because the USPTO *as a named defendant* will have complete access to Le's written deposition transcript.

The Court finds that Le filed the pending motion in bad faith and this pleading is a continuation of Le's efforts to avoid discovery regarding her claims by USPTO. *See e.g.* Dkt. 54-1 pp. 9-12 (transcript from Le's deposition in the underlying administrative proceedings reflecting that Le was given timely notice of her deposition, was aware how to contact the USPTO prior to her deposition but nevertheless did not attend her deposition and gave no prior notice to USPTO that she was not going to attend.); Dkt. 45 (reflecting Le's failure to cooperate in providing a joint discovery letter to the Court regarding her alleged inadequate discovery responses as required under the Court's local rules.); Dkt. 47 (letter from USPTO counsel reflecting that even after the Court held a hearing and explained to Le why her discovery responses did not comply with the Federal Rules of Civil Procedure and ordered her to timely file amended Rule 26 disclosures, Le still did not do so. The letter also reflects that after the parties had reached an agreement to reset her deposition and a new deposition date was timely noticed, Le notified USPTO counsel that she had filed a motion to quash the deposition with the Court arguing that the USPTO should be required to take the deposition virtually rather in person.).[2]

[2] Although Le never filed this motion in writing, Le declined to attend her deposition in person and orally made this motion to the Court at a subsequent discovery hearing. *See* Dkt. 51. For the reasons stated on the record the motion was denied.

To the extent that Le argued at the hearing *that USPTO* should be sanctioned and her entire deposition stricken *for the court reporter's* alleged violation of Federal Rule of Civil Procedure 30(b)(5) by not stating the name of the representative at the start of the deposition, the Court finds that this argument is also unmeritorious. As courts have responded to similar arguments:

> [Le] also claims that the court reporter did not comply with Rule 30(b)(5), which requires the officer to state on the record the officer's name and business address and the identities of all persons present at the deposition. . . . Accepting that the officer did not comply with Rule 30(b)(5) as alleged, this Court finds no authority to support striking the entire deposition transcript from the record as a remedy for this violation of Rule 30(b)(5). Despite this omission, [Le] has not attacked the basic integrity of the testimony of the transcript, nor has [s]he shown that [s]he suffered any prejudice from the officer's omissions. As such, [Le's] motion to suppress the transcript on Rule 30(b)(5) grounds is denied.

*Elliott v. Williams*, 2021 U.S. Dist. LEXIS 274045, *1, n.1 (2021) (rejecting party's motion to suppress his deposition transcript and prevent its use in dispositive motions based on a court reporter's alleged "deviation[s]" from the language of Rule 30(b)(5)).

**CONCLUSION**

Le's Motion for Discovery Sanctions and for Order Striking Deposition (Dkt. 54) is **DENIED.**

SIGNED at Houston, Texas on August 27, 2026.

George C. Hanks Jr.
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE